In the Interest of S.B., a minor.

No. 50041.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 25, 1986.

Motion for Rehearing and/or Transfer
Denied April 1, 1986.

David A. Shaller, Clayton, for appellant.

Nancy L. Sido, Clayton, for respondent.

CRIST, Judge.

Mother appeals from an order of the Juvenile Court terminating her parental rights. We affirm.

In early 1980, mother was admitted to St. Louis State Hospital as an in-patient. The Juvenile Court took formal jurisdiction over her child S.B. on June 18, 1980. In November of 1981, mother was discharged from the State Hospital. From late 1981 until 1984, mother resided in several facilities, and at various times was under the care of a psychiatrist. S.B. and mother visited each other numerous times during this period.

In July of 1982, mother and the Division of Family Services entered into a "service plan" to help the parent and child see each other and help the parent make a home for her child. The service plan contained a list of duties for both mother and the Division of Family Services. On September 24, 1984, the juvenile officer filed a petition to terminate mother's parental rights. On March 27, 1985, the Juvenile Court issued its order terminating mother's parental rights.

Mother raises two points in this appeal. In her first point mother asserts the Juvenile Court erred in overruling her motion to dismiss for failure to conduct and submit a mandatory social investigation, pursuant to Sec. 211.472 RSMo 1978. Mother claims the juvenile officer's answers to interrogatories and attachments thereto do not satisfy the statutory requirement. We disagree.

Section 211.472 mandates a social investigation and report be made to the Juvenile Court when parental rights are sought to be terminated. The statute requires the

report to include "... such matters as the parental background, the fitness and capacity of the parents to discharge parental responsibilities, the child's home, present adjustment, physical, emotional and mental condition, and such other facts as pertinent to the determination." The statute does not prescribe a form for the required report.

 A review of the juvenile officer's answers to interrogatories and the attachments thereto reveals they clearly satisfy the content requirement of Sec. 211.472 RSMo 1978. Included is information concerning the background of parents, the fitness and capacity of parents to discharge their parental responsibilities, the child's home, emotional and mental condition, and other facts which are pertinent to the determination of whether termination of mother's parental rights was in S.B.'s "best interests." We find no error.

In her second point, mother asserts the Juvenile Court's finding that terminating her parental rights was in the best interest of S.B. was against the weight of the evidence. We disagree. The Juvenile Court terminated mother's parental rights on two grounds: (1) her failure to comply with the 1982 service plan, and (2) her failure to rectify conditions which formed the basis of the Juvenile Court's original jurisdiction. Both of these grounds were statutorily permissible. *See* Sec. 211.447.2(2)(b) and (i). Our only determination, therefore, is whether there was "clear, cogent and convincing" evidence supporting either ground upon which the Juvenile Court relied.

We believe there is clear, cogent and convincing evidence of both grounds. While mother visited regularly with S.B. from June 1980 through October 1983, her visits decreased sharply in 1984. This was not in compliance with the 1982 service plan. Mother no longer participated in the vocational rehabilitation or counseling program, as required by the 1982 service plan. In addition, mother failed to rectify the conditions which formed the basis of the Juvenile Court's original jurisdiction. The basis of this jurisdiction was that S.B. was without proper care, custody or support, because mother was in the State Hospital. Although mother is apparently no longer at State Hospital, there was direct testimony from case workers she is still not able to provide proper care or custody of S.B. Mother was hospitalized in the psychiatric wards of two hospitals during several months of 1984. Father is not a factor, since he resides in Tunisia.

We believe there is clear, cogent and convincing evidence the Juvenile Court's termination of mother's parental rights was in the best interest of S.B. The Juvenile Court's order is therefore affirmed.

DOWD, P.J., and REINHARD, J., concur.